**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CHARLOTTE CARMACK, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PARK CITIES HEALTHCARE, LLC, and SHARON D. QUICK,<br><br>Defendants. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 3:16-cv-03500-D<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Defendants PARK CITIES HEALTHCARE, LLC and SHARON D. QUICK (collectively, "Defendants") file this their Response to Plaintiff's Motion for Leave to Amend,[1] and in support hereof would respectfully show as follows:

**I.**

**BACKGROUND**

1.  On December of 2016, Plaintiff Charlotte Carmack ("Carmack") filed this action asserting violations by Defendants of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.  On March 20, 2017, Defendants filed *Defendants' Original Answer to Plaintiffs' First Amended Complaint-Collective Action and Counterclaim*, asserting by way of counterclaim (and as an

---

[1] Defendants oppose Plaintiff's Motion for Leave to Amend Complaint only to the extent it seeks leave to add a claim on behalf of Plaintiffs Carmack and Aniagu for FLSA retaliation against Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION FOR LEAVE TO AMEND COMPLAINT -- Page 1**

affirmative defense of offset) that Carmack and opt-in member Jovan Aniagu ("Aniagu"), while both were still employed by Park Cities Healthcare, LLC ("PCHC"), violated the non-solicitation obligations under their respective employment agreements with PCHC, by allowed another former employee of PCHC, Kay Jacobs Suell, and her company, Keeping Dignity, to provide home health services to an existing client of PCHC, Robert White, which client was still under contract with PCHC.  Plaintiff filed a motion to dismiss Defendants' counterclaim which the Court granted by order dated June 12, 2017, dismissing the counterclaim without prejudice to assert it in a separate lawsuit, declining to exercise supplemental jurisdiction over a non-compulsory state law claim. *See* Dkt. 25.

2.   On July 5, 2017, PCHC filed Plaintiff's Original Petition in Cause No. CC-17-03591-C, styled *Park Cities Healthcare, LLC v. Charlotte M. Carmack, Kay Jacobs Suell a/k/a Kilfa Lajuan Jacobs Suell d/b/a Keeping Dignity, Jovan L. Aniagu, Robert W. White, Annelle R. White and Kelly White*, County Court at Law No. 3, Dallas County, Texas (the "State Court Lawsuit").  PCHC asserts in the State Court Lawsuit, among other things, claims against Carmack and Aniagu for breach of their respective employment agreements with PCHC for violating the confidentiality and non-solicitation provisions based on information and belief, by disclosing the identity of PCHC's patients, Robert and Annelle White, to Kay Jacobs Suell a/k/a Kilfa Lajuan Jacobs Suell d/b/a Keeping Dignity ("Suell"), a former employee and competitor of PCHC, and by canvassing or soliciting (or procuring or assisting in the canvassing or solicitation of) PCHC's patients away from PCHC to Suell.   PCHC not only later discovered Suell's handwritten notations in the PCHC Healthcare chart for PCHC's patient, Mr. White, dated Christmas Day 2016, but a check written by Annelle White to Suell's business, Keeping Dignity.  Further, on or about

January 9, 2017, while Carmack was still employed by PCHC, Carmack's Facebook had a posting from Suell acknowledging that Carmack was the new manager for Keeping Dignity.

3. On October 20, 2017, Plaintiff's counsel took the oral deposition of Defendant Sharon D. Quick (now Sharon D. Westen) ("Quick") in this cause. While the transcript has yet to be sent to Quick, contrary to Plaintiff's counsel's assertion that she "testified under oath in her deposition that she had (and has) no facts or information that either Carmack or Aniagu have violated their [PCHC] employment agreements",[2] Quick did *not* so testify; rather, the facts and information set forth in the preceding paragraph, some of which Plaintiff's counsel may have failed to fully develop and inquire about in Quick's deposition, establish the basis, based on Quick's knowledge, information and belief, for PCHC's claims against Carmack and Aniagu.

4. Further, when Plaintiff's counsel pointedly asked Quick in her deposition whether she had filed the State Court Lawsuit in retaliation against Carmack and Aniagu for asserting violations of the FLSA in this lawsuit, Quick unequivocally answered that she had not --- for Plaintiff's counsel to make the assertion in the Motion for Leave that Quick purportedly "testified under oath in her deposition that she had (and has) no facts or information that either Carmack or Aniagu have violated their [PCHC] employment agreements" not only misleads this Court, it is disingenuous.

---

[2] *See* Dkt. 29, Plaintiff's Motion for Leave to Amend Complaint, p. 2, 3rd paragraph.

II.

## ARGUMENT AND AUTHORITIES

1.      Rule 15(a)(2) of the Federal Rules of Civil Procedure provides "a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).   Rule 15(a) has been interpreted that "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006).

2.      Here, the amendment seeks to add a new claim against Defendants for alleged FLSA retaliation, a claim based not on the facts currently before the Court in the live pleadings, and which is therefore prejudicial to Defendants.  Accordingly, Plaintiff's Motion for Leave to Amend with respect to adding a claim on behalf of Plaintiffs Carmack and Aniagu for FLSA retaliation against Defendants should be denied.

III.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that Plaintiff's Motion for Leave to Amend with respect to adding a claim on behalf of Plaintiffs Carmack and Aniagu for FLSA retaliation against Defendants be denied, and for such other and further relief at law or in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

FRIEDMAN & FEIGER, L.L.P.


By: /s/ *Michael D. Donohue*
    Michael D. Donohue
    Texas Bar No. 05989380
    5301 Spring Valley Road, Suite 200
    Dallas, Texas 75254
    (972) 788-1400 (Telephone)
    (972) 788-2667 (Telecopier)
    mdonohue@fflawoffice.com

ATTORNEY FOR DEFENDANTS PARK CITIES HEALTHCARE, LLC AND SHARON D. QUICK


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via the Court's ECF system per Local Rule 5.1(D) and via email to all parties or their counsel of record on the 15th day of November, 2017.

/s/ *Michael D. Donohue*
Michael D. Donohue