IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE CARMACK, et al., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:16-CV-3500-D |
| | § | |
| PARK CITIES HEALTHCARE, LLC, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Charlotte Carmack ("Carmack") moves under Fed. R. Civ. P. 15(a) for leave to file a second amended complaint. The court grants the motion.[1]

I

Carmack brings this collective action against defendants Park Cities Healthcare, LLC ("PCHC") and Sharon D. Quick ("Quick"), alleging violations of the Flair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). In her first amended complaint, filed on February 14, 2017, Carmack alleges that defendants did not pay her and others similarly situated the required one and one-half times their regular rate of pay for all hours worked over 40 hours in a week. Javon Aniagu ("Aniagu") and Teresa Miller ("Miller") have joined the lawsuit

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

as opt-in plaintiffs.

In their answer to the first amended complaint, defendants asserted a counterclaim against Carmack and Aniagu, contending that both plaintiffs violated their signed agreements of employment with PCHC. The court later dismissed this counterclaim "because it is not a compulsory counterclaim and because the court should decline to exercise supplemental jurisdiction over the counterclaim." June 12, 2017 Order at 1. Following this dismissal, PCHC sued Carmack and Aniagu on the same claim in Texas state court.

Carmack now moves for leave to file a second amended complaint to remove her collective action allegations, to convert Aniagu and Miller into named plaintiffs, and to update Quick's surname to Westen in the case caption.[2] Carmack also seeks to add an FLSA retaliation claim against defendants based on PCHC's state court lawsuit, which she alleges is retaliatory for the present suit. Carmack filed this motion on October 26, 2017, before the scheduling order deadline of October 31, 2017 for filing a motion to amend the pleadings. PCHC and Quick oppose the motion only with respect to the FLSA retaliation claim, which they maintain would be prejudicial if allowed.

---

[2]During her deposition, Quick informed plaintiffs that her legal name is now Sharon D. Westen.

II

A

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a)(2). Granting leave to amend, however, "is by no means automatic.'" *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981). The district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (collecting cases).

B

PCHC and Quick contend that allowing Carmack to add an FLSA retaliation claim would prejudice them because the claim is "based not on the facts currently before the Court in the live pleadings." Ds. Br. 4. Without more, however, this bare objection is insufficient to deny plaintiffs' motion. Defendants cite, and the court has found, no authority suggesting that Rule 15(a) limits freely granted amendments to those pertaining to previously pleaded facts. Courts routinely view Rule 15(a)(2) as imposing a "liberal standard" allowing amendment, despite the fact that "it is not unusual for amended pleadings to impact strategies already adopted and discovery already taken by the opposing party." *Mktg. Investors Corp. v. New Millennium Bank*, 2012 WL 1563937, at *2 (N.D. Tex. May 3, 2012) (Fitzwater,

C.J.); *see also Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) ("Rule 15(a) expresses a strong presumption in favor of liberal pleading."); *Nance v. Gulf Oil Corp.*, 817 F.2d 1176, 1180 (5th Cir. 1987) ("Federal Rule 15(a) counsels a liberal amendment policy."); *Youmans v. Simon*, 791 F.2d 341, 348 (5th Cir. 1986) ("The policy underlying Rule 15(a) is one in favor of liberal amendment.").  Moreover, neither PCHC nor Quick has demonstrated that it or she is unable to obtain adequate discovery on this retaliation claim before the discovery period ends on January 31, 2018, or under an enlarged discovery period.  Therefore, defendants have made an insufficient showing of prejudice.

None of the other factors favors denying Carmack's motion for leave to file a second amended complaint.  When, as here, parties file a motion for leave to amend by the court ordered deadline, there is a "presumption of timeliness."  *Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.).  Separately, defendants have made no showing of futility, and there has been no failure on the part of plaintiffs to cure past deficiencies.

\* \* \*

For the reasons explained, the court grants Carmack's motion for leave to file her second amended complaint, and the clerk of court is directed to file the second amended complaint today.

**SO ORDERED**.

December 5, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE