IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE CARMACK, | § | |
| TERESA MILLER | § | |
| AND JOVAN ANIAGUE, | § | |
|     Plaintiffs, | § | |
| | § | Civil Action No. 3:16-CV-3500-D |
| vs. | § | |
| | § | |
| PARK CITIES HEALTHCARE, LLC and | § | |
| SHARON D. QUICK, | § | |
| | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By order of reference dated April 15, 2019 (doc. 84), before the Court are *Plaintiffs' Motion for Turnover Relief*, filed April 12, 2019 (doc. 83), and *Defendants' Motion to Dismiss*, filed May 5, 2019 (doc. 86), and *Plaintiffs' Motion to Strike*, filed May 22, 2019 (doc. 89). Based upon the relevant filings and applicable law, the plaintiffs' motion for turnover relief should be **GRANTED in part** and **DENIED in part**, and the defendants' motion to dismiss should be **DENIED in part** and **GRANTED in part**. The plaintiffs' motion to strike is **DENIED**.

**I. BACKGROUND**

On August 17, 2018, Charlotte Carmack, Teresa Miller, and Jovan Aniagu (collectively Plaintiffs), obtained a judgment against Park Cities Healthcare, LLC (Business) and Sharon D. Quick (Owner) (collectively Defendants), for the principal amount of $32,323.34, liquidated damages in the amount of $32,323.34, post-judgment interest at a rate of $2.44% per annum, and attorney's fees and costs to be awarded separately. (doc. 50 at 1.)[1] Attorney's fees in the amount of $103,429.25 and costs were awarded on October 5, 2018, and were ordered to be paid within 30

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

days.  (doc. 63; doc. 52; doc. 60.)  The judgment, which was valued at $173,856.57 as of February 18, 2019, remains unsatisfied.  (doc. 83 at 4.)

Owner is the sole owner of a residential property located at 410 San Jose Street, Irving, Texas 75062 (Property), which she designated as her homestead with the Dallas Central Appraisal District (DCAD).  (*See* doc. 83-5; doc. 83 at 3; doc. 86-1 at 2.)  She and her husband lived in there until approximately July 2018.  (doc. 83-6 at 3; doc. 86 at 2.)  Owner leased the Property to Robert Steven Gagnon, Jr. and his wife Andrea (Tenants) for a one-year period beginning December 15, 2018.  (doc. 83 at 3; 83-6 at 2, 5, 30; doc. 83-7 at 2.)  The residential lease (Lease) identifies Owner as the landlord and requires Tenants to pay her a security deposit of $10,600.00, and rental payments (Rent) of $2,800.00 on the fifteenth of every month.  (doc. 83-6 at 3,7; doc. 83-7 at 2, 5, 7.)

In November 2018, Plaintiffs sought a declaration that the Property was not a homestead, and that the judgment lien created by the abstract of judgment was enforceable.  (doc. 68 at 1-2.)  Defendants moved to dismiss Plaintiffs' motion for declaratory judgment for lack of subject matter jurisdiction, failure to join a necessary party, and failure to state a claim under the Declaratory Judgment Act.  (doc. 69 at 1.)  The motion was granted on January 17, 2019.  (*See* doc. 70.)  Plaintiffs now seek an order for turnover of all current and future Rent that is enforceable against Defendants, Tenants (who have not been joined in this proceeding), and any third parties that may be in possession of Rent.  (doc. 83 at 6-7; doc. 86 at 3.)

## II. MOTION TO STRIKE

Plaintiffs move to strike Defendants' motion to dismiss as procedurally improper under the Federal Rules of Civil Procedure.  (doc. 89 at 1.)

Rule 12(f) provides that courts "may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter", either on its own motion or that of a party. Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1058 (5th Cir. 1982). "[T]he action of striking a pleading should be used sparingly," and a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (citations omitted). Pleadings are not scandalous for purposes of Rule 12(f) even though they may " 'offend[ ] the sensibilities' " of the opposing party as long as they are relevant to the issues and supported by the record. *United States v. Coney*, 689 F.3d 365, 379-80 (5th Cir. 2012).

Here, Plaintiffs allege that Defendants' motion is procedurally improper in a post-judgment setting but provide no legal authority for their position. Courts have addressed motions to dismiss in this context. *See Bollore S.A. v. Imp. Warehouse, Inc.*, 448 F.3d 317, 320 (5th Cir. 2006); *see also Fed. Land Bank Ass'n of S. Alabama, FLCA v. Cornelius & Salhab*, No. CIV. A. H-09-3115, 2010 WL 3545406, at *1 (S.D. Tex. Sept. 9, 2010); *Brupbacher v. Raneri*, No. 3:98-CV-1174-D, ECF No. 11 (N.D. Tex. Sep. 30, 1998). In fact, this Court has already granted a prior post-judgment motion to dismiss in this case. (*See* docs. 69, 70.) Plaintiffs' motion to strike is denied.

### III. MOTIONS FOR TURNOVER RELIEF AND TO DISMISS

Plaintiffs seek turnover relief on grounds that Rent is not exempt from the claims of creditors and is subject to turnover relief. (doc. 83 at 6; doc. 89 at 4.) Defendants move to dismiss for failure to state a claim upon which relief can be granted, alleging that Rent is exempt as proceeds of a homestead. (*See* doc. 86.)

Section 31.002(a) of the Texas Civil Practices and Remedies Code entitles a judgment

creditor to "aid from a court of appropriate jurisdiction . . . to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities."[2]  Tex. Civ. Prac. & Rem. Code § 31.002(a).  The statute permits a court to "order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution."  Tex. Civ. Prac. & Rem. Code § 31.002(b)(1); *Parks v. Parker*, 957 S.W.2d 666, 670 (Tex. App.–Austin 1997, no writ).[3]  The judgment creditor has the burden of tracing assets to the judgment debtor.  *See In re C.H.C.*, 290 S.W.3d 929, 931 (Tex. App.–Dallas 2009, no writ) (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)).  Once the creditor makes this showing, a presumption arises that the judgment debtor possesses the assets, and the burden shifts to the judgment debtor to show that the assets are exempt or to otherwise account for them.  *See id.*; *see also Buller*, 806 S.W.2d at 226.

**A.    Owner**

Texas provides constitutional and statutory protections for debtors' homesteads against the claims of creditors.  Tex. Const. art. XVI, § 50; Tex. Prop. Code § 41.001.  The fundamental purpose of the homestead law "is to secure a place of residence against financial disaster."  *Matter of England*, 975 F.2d 1168, 1174 (5th Cir. 1992); *see also Cocke v. Conquest*, 35 S.W.2d 673, 678

---

[2] Federal Rules of Civil Procedure Rule 69(a)(1) provides that courts must conduct "proceedings . . . in aid of judgment or execution" in "accord with the procedure of the state where the court is located."

[3] "[A] turnover order may not order the turnover of property directly to judgment creditors."  *Lozano v. Lozano*, 975 S.W.2d 63, 69 (Tex. App. 1998) (citing *Ex parte Johnson*, 654 S.W.2d 415, 418-19 (Tex.1983)).  This limitation is to minimize the potential for error or abuse because: "(a) the turnover statute allows ex parte entry of turnover orders without notice and hearing; and (b) direct turnover to the creditor could deny the debtor an opportunity to assert defenses if the creditor promptly or improperly disposes of the property."  *Id.*

(1931); *Woodward v. Sanger Bros.*, 246 F. 777, 780 (5th Cir.1917), *cert. denied*, 246 U.S. 674 (1918); *Herman Iken & Co. v. Olenick*, 42 Tex. 195, 198 (1874) ("The leading and fundamental idea connected with a homestead is unquestionably associated with that of a place of residence for the family, where the independence and security of a home may be enjoyed, without danger of its loss, or harassment and disturbance by reason of the improvidence or misfortune of the head or any other member of the family. It is a secure asylum of which the family cannot be deprived by creditors."); *Allison v. Shilling*, 27 Tex. 450, 455 (1864).

> Texas Civil Practice and Remedies Code section 31.002(f) states:
>
> A court may not enter or enforce an order under this section that requires the turnover of the proceeds of, or the disbursement of, property exempt under any statute, including Section 42.0021, Property Code. This subsection does not apply to the enforcement of a child support obligation or a judgment for past due child support.

Accordingly, proceeds from the sale of a homestead are also exempt from the claims of creditors. *In re Morgan*, 481 F. App'x 183, 185 (5th Cir. 2012); *see Matter of England*, 975 F.2d at 1174. "The object of the proceeds exemption statute was solely to allow the claimant to invest the proceeds in another homestead, not to protect the proceeds, in and of themselves." *Id.* at 185 (quoting *Matter of England*, 975 F.2d at 1174–75). The term "invest" is interpreted as "purchase" or "acquire"; it does not mean the improvement of a homestead. *Matter of England*, 975 F.2d at 1175 n.11 (citing *Stallings v. Hullum*, 35 S.W. 2 (1896); *Cameron v. Gebhard*, 22 S.W. 1033 (1893); *Freiberg, Klein and Co. v. Walzem*, 20 S.W. 60 (1892); *Blum v. Light*, 16 S.W. 1090 (1891); *Kirby v. Giddings*, 13 S.W. 27 (1890)).

Unlike proceeds from the sale of a homestead, "[p]roceeds derived from rent of the homestead are not exempt from the reach of creditors." *In re Crump*, 533 B.R. 567, 575 (Bankr.

5

N.D. Tex. 2015); *see also West v. U.S. Fidelity & Guar. Co.*, 298 S.W. 652, 653 (Tex. Civ. App.—Amarillo 1927); *F.F. Collins Mfg. Co. v. Carr*, 11 Tex. Civ. App. 364, 365, 32 S.W. 366 (1895, no writ) ("If crops grown upon the homestead, when detached from the soil, are not exempt, because not enumerated in the law, we can see no reason for extending the law so as to include rents."); *Hinzie v. Moody*, 13 Tex. Civ. App. 193, 197, 35 S.W. 832, 834 (1896, writ denied) ("Since the rents can form no part of the constitutional use of the homestead, and is not necessary to the beneficial use thereof, there can be no reason why they should be exempted.").

Plaintiffs do not contest the status of the Property as Owner's homestead; they now argue that Rent is nonexempt property subject to turnover relief. (doc. 89 at 2-3;doc. 83 at 6.) Because they have submitted evidence to establish that Rent is in Defendants' possession or subject to their control, the burden shifts to Defendants to show that it is exempt property.

Defendants allege that "proceeds" under section 31.002(f) protects Rent from turnover, citing *Fitzgerald v. Cadle Company*, No. 12-16-00338-CV, 2017 WL 4675513, at *5 (Tex. App. Oct. 18, 2017). (doc. 17 at 6-7.) In *Fitzgerald*, the defendant appealed an order granting the turnover of royalty payments and the disclosures of his property and property rights. *Id.* at *1. He argued that the royalty payments were protected from turnover as exempt proceeds from a homestead property. *Id.* at *2. The court noted that there was a clear and unambiguous stipulation between the parties that the mineral interests were on plaintiff's homestead. *Id.* at *3. That stipulation established, as a matter of law, that the homestead property included the mineral interests. *Id.* It also noted that "where the homestead claimant owns the surface of the land, the homestead exemption extends to the minerals owned by the homestead claimant under that land." *Id.* (quoting *In re Poer,* 76 B.R. 98, 99 (Bankr. N.D. Tex. 1987) (finding that the mineral interest held by debtor was real property

6

and the royalty payments he was entitled to upon leasing the minerals is also real property.) Because the parties' stipulation established the minerals as a part of the homestead, and the homestead exemption extends to the minerals, the court found that the statute protected the lease of the minerals as "proceeds from homestead property and the homestead property itself from turnover." *Id*.

Here, there is no stipulation that Rent is a part of Owner's homestead. Defendants have not presented legal authority that a homestead exemption extends to Rent, or that it is considered exempt proceeds. They have not established how Rent forms a part of the homestead, or that it is beneficial to the use of the homestead. Nor do they bring forward evidence that Rent is being used for the investment in another homestead as originally intended by the proceeds exemption. Texas has not enumerated statutory or constitutional protections for rent of a homestead. Because Defendants fail to show that Rent is exempt property, it is subject to turnover, and Plaintiffs' motion for turnover relief against Owner should be granted. Defendants' motion to dismiss Plaintiffs' motion against her should be denied.

**B.     Business**

Plaintiffs also seek turnover relief against Business, alleging that Rent is nonexempt property subject to its control. (doc. 83 at 6; doc. 89 at 5.)

Business is not identified as the owner of property in either the Deed of Trust, the lease, or Tenants' affidavits. The Property details filed with DCAD list Owner as the sole owner of the Property. She is also the only named person on the Property Tax Balance print out from the DCTO. As noted, the turnover statute only reaches nonexempt property that is in the judgment debtor's possession or subject to the debtor's control. Because Plaintiffs failed to plead facts or present evidence that Rent is owned by or subject to business's control, they do not allege a plausible claim

7

for turnover relief. Accordingly, Plaintiffs' motion for turnover relief against Business should be denied, and Defendants' motion to dismiss as to Business should be granted.

**C.     Third Parties**

Plaintiffs seek turnover relief against Tenants and any third parties in possession of Rent. (doc. 83 at 7.)

The Texas Supreme Court has held that the turnover statute is a purely procedural mechanism limited to employment among parties to a final judgment. *Buller*, 806 S.W.2d at 224. "The statute does not allow for a determination of the substantive rights of involved parties." *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783 (Tex. App.—Houston 1992, no writ)(citations omitted). "Its purpose is merely to ascertain whether an asset is either in the judgment debtor's possession or subject to the debtor's control." *Id.* Recognizing the split among Texas courts of appeals on the issue of whether a turnover order can be issued against a third party, the court in *Parks v. Parker*, 957 S.W.2d 666, 668 (Tex. App.—Austin 1997, no pet.), held that the turnover statute "authorizes the issuance of an order against only the judgment debtor." *Bay City Plastics, Inc. v. McEntire*, 106 S.W.3d 321, 324 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (citations omitted); *see also Resolution Tr. Corp. v. Smith*, 53 F.3d 72, 77 (5th Cir. 1995); *Brupbacher v. Raneri*, No. CIV.A. 3:98CV1174-D, 2000 WL 665560, at *4 (N.D. Tex. Mar. 17, 2000) (recognizing the split among Texas courts and following as precedent the statement by the Fifth Circuit in *Resolution Tr. Corp.*, that courts do not apply the turnover statute to non-judgment debtors).

Because a party who fails to comply with a turnover order risks contempt of court, a "creditor may not seek a turnover order against third parties without other initial proceedings." *See*

*Bay City Plastics,* 106 S.W.3d at 325; *see also Ex parte Swate*, 922 S.W.2d 122, 126 (Tex. 1996); *In re Montgomery*, 138 S.W.3d 569, 572 (Tex. App. 2004); *see Millard*, 825 S.W.2d at 783 (finding that third party that was neither a judgment creditor nor a judgment debtor was not an appropriate party to the turnover procedure). These limitations on the reach of the turnover statute arise out of due process concerns. *Bollore*, 448 F.3d at 323-24*; see also Gerjets v. Davila*, 116 S.W.3d 864, 869 (Tex. App. 2003).

Here, Tenants were neither parties to the original lawsuit or the final judgment. Plaintiffs failed to present evidence that Tenants were provided notice of their intent to seek turnover relief against them. Without proper notice, they have not been given the opportunity to contest a proceeding that would affect their rights. Because Plaintiffs failed to show that Tenants received proper notice of their motion, and are neither a judgment debtor or judgment creditor, granting turnover relief against them would be improper. Accordingly, Plaintiffs' motion for turnover relief against Tenants should be denied.

## IV. ATTORNEY'S FEES

Plaintiffs seek attorney's fees and costs for services rendered in connection with this motion for turnover relief. (doc. 83 at 6.)

Section 31.002(e) of the Texas Turnover Statute states that the "judgment creditor is entitled to recover reasonable costs, including attorney's fees." An award of attorney's fees is proper only if a judgment creditor is successful in obtaining turnover relief. *Great Glob. Assur. Co. v. Keltex Properties, Inc.*, 904 S.W.2d 771, 776 (Tex. App.—Corpus Christi 1995, no writ)(citing *Boudreaux Civic Ass'n v. Cox*, 882 S.W.2d 543, 550 (Tex.App.—Houston [1st Dist.] 1994, no writ). A court has discretion whether to award attorney's fees in a turnover proceeding. *Thomas v. Thomas*, 917

9

S.W.2d 425, 436 (Tex. App.—Waco 1996, no writ). A number of factors inform that discretion, including: (1) the nature and complexity of the case; (2) the amount in controversy; (3) the amount of time and effort required; and (4) the expertise of counsel. *Thomas*, 917 S.W.2d at 437; *see Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 607 (Tex. App.—Dallas 1990, no writ).

Plaintiffs may file an application for fees and costs within 14 days from the date that this recommendation is accepted by the district judge. *See* Fed. R. Civ. P. 54(d)(2); *see also World Fuel Servs. Corp. v. Moorehead*, 229 F. Supp. 2d 584, 598 (N.D. Tex. 2002) (requiring movant to file an application for fees and costs if a reasonable fee could not be resolved by agreement between the parties).

## V. RECOMMENDATION

Plaintiffs' motion to strike is **DENIED**. Plaintiffs' motion for turnover relief should be **GRANTED** as to Owner, and Owner should be ordered to turnover the following property to Plaintiffs: (1) current Rent from the property within fourteen days after this recommendation is accepted; and (2) future Rent of property, up to the amount of Plaintiffs' judgment plus accrued interest. It should be **DENIED** as to Business and the third parties. Defendants' motion to dismiss should be **GRANTED** as to Business, and the claim for turnover relief against it should be **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED** on this 20th day of November, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE