IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLOTTE CARMACK, individually and on behalf of others similarly situated, § § § § | |
| Plaintiff, § | |
| VS. § | Civil Action No. 3:16-CV-3500-D |
| § | |
| PARK CITIES HEALTHCARE, LLC, et al., § § § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs/Judgment Creditors Charlotte Carmack, Teresa Miller, and Jovan Aniagu (collectively, "Judgment Creditors") move to hold defendant/judgment debtor Sharon D. Westen ("Westen") in contempt for violating two orders: the October 5, 2018 order awarding attorney's fees (the "Fee Award") and the December 16, 2019 order granting in part the Judgment Creditors' April 12, 2019 motion for turnover relief (the "Turnover Order"). Following an evidentiary hearing, and for the reasons explained,[1] the court finds by clear and convincing evidence that Westen violated both orders, but also finds under a preponderance of the evidence standard that it is impossible for Westen to comply with the orders. The court therefore denies the motion to hold Westen in contempt.

---

[1] The court sets forth in this memorandum opinion and order its findings of fact and conclusions of law. *See* Fed. R. Civ. P. 52(a)(1).

I

The Judgment Creditors obtained a judgment against Westen and Park Cities Healthcare, LLC in the principal amount of $32,323.34; liquidated damages in the amount of $32,323.34; and post-judgment interest at a rate of 2.44% per annum. The court also awarded the Judgment Creditors attorney's fees in the sum of $103,429.25, to be paid within 30 days of the October 5, 2018 order.

As of December 16, 2019 the judgment had not been satisfied, and the court granted the Judgment Creditors' motion for turnover relief. The motion concerned rent owed to Westen by tenants residing at her Irving, Texas property. The Turnover Order required Westen to turn over "(1) current rent from the property within 14 days of the date of this order; and (2) future rent of property, up to the amount of plaintiffs' judgment plus accrued interest." Turnover Order at 1.

In June 2020 the Judgment Creditors still had not received any payments from Westen. Accordingly, they asked the court to order Westen to show cause why she should not be held in contempt for violating the Fee Award and the Turnover Order. The court granted the motion in part[2] and held a hearing on October 8, 2020 to determine whether Westen should be held in civil contempt.[3]

---

[2]The Judgment Creditors sought to hold Westen in *criminal* contempt as well. The court declined to consider such relief.

[3]Westen did not appear for a hearing scheduled for July 2, 2020, but did appear via video for the October 8, 2020 hearing.

II

To prove that Westen should be held in civil contempt, the Judgment Creditors "bear[] the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whitcraft v. Brown*, 570 F.3d 268, 271-72 (5th Cir. 2009) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). "The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (citing *NLRB v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984)). "'(I)n civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order.'" *Jim Walter Res., Inc. v. Int'l Union, United Mine Workers of Am.*, 609 F.2d 165, 168 (5th Cir. 1980) (alteration in original) (quoting *United States v. Ross*, 243 F. Supp. 496, 499 (S.D.N.Y. 1965)).

Impossibility is a defense to contempt. *United States v. Rylander*, 460 U.S. 752, 757 (1983). If it is established that compliance with the order is impossible, "neither the moving party nor the court has any reason to proceed with the civil contempt action." *Id.* The alleged contemnor bears the burden of producing credible evidence to show that compliance is impossible. *Id.*

III

A

The Judgment Creditors have proved by clear and convincing evidence that Westen violated the orders at issue. They have established that the Fee Award and Turnover Order were in effect. The Fee Award required Westen to pay $103,429.25 within 30 days of October 5, 2018. The Turnover Order concerned Westen's rental property in Irving, Texas, and required her to turn over: "(1) current rent from the property within 14 days of the date of this order; and (2) future rent of property, up to the amount of plaintiffs' judgment plus accrued interest." Turnover Order at 1. Westen testified that she has not made any payments toward the Fee Award or turned over any rent pursuant to the Turnover Order. Accordingly, the court holds that the Judgment Creditors have satisfied their burden of proving by clear and convincing evidence that Westen violated the two orders in question, and it turns to Westen's defense.

B

The court must decide whether Westen has proved by a preponderance of the evidence that she cannot comply with the Fee Award or the Turnover Order.

1

The court first addresses the Turnover Order. Westen argues that compliance with the Turnover Order is impossible because she has not received any rent for the property since the court issued the order. At the hearing, Westen testified that her tenants' lease ended on December 15, 2019—the day before the court issued the Turnover Order. After the lease

ended, the tenants have continued to reside at the property, but instead of paying rent to Westen, they paid the mortgage directly. The Judgment Creditors did not present any evidence to dispute this new arrangement. Accordingly, the court holds that Westen has met her burden. Although the fortuity of Westen's new arrangement with her tenants is suspect—and additional post-discovery may enable the Judgment Creditors to refute Westen's reliance on it—Westen has shown that she cannot now conform to the Turnover Order because the tenants do not pay rent.

2

The court turns next to the Fee Award. Westen contends that compliance with the Fee Award is impossible because she does not have any income or non-exempt assets. Westen testified that she is unemployed, does not have a source of income, and does not have a bank account. Her husband, who maintains separate accounts, pays for her expenses (including the expenses of a serious medical condition) and owns the New Hampshire property where she lives. Westen's only asset is the Irving, Texas property, which is claimed to be a homestead. The Judgment Creditors did not present any evidence that contradicts Westen's account of her penurious financial situation.

The court finds that Westen has proved by a preponderance of the evidence that she cannot comply with the Fee Award. Her testimony establishes that she does not have any income. And the Judgment Creditors have not demonstrated that her sole asset, as a homestead, is not protected from a forced sale. *See* Tex. Const. art. XVI, § 50. Without any income or non-exempt assets, Westen cannot comply with the Fee Award.

C

Although Westen has satisfied her burden of proving that compliance with the Fee Award and the Turnover Order is impossible, the Judgment Creditors may be able to undermine her testimony through further development of the pertinent evidence—e.g., regarding whether payments made by the tenants of the Irving, Texas residence are subject to execution. The court may reach a different result than it does today after the Judgment Creditors conduct further post-judgment discovery.

\* \* \*

For the reasons explained, the court denies the Judgment Creditors' motion to hold Westen in contempt.

**SO ORDERED**.

October 16, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE