**IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHARLOTTE CARMACK, TERESA MILLER, and JOVAN ANIAGU<br>  Plaintiffs, | § § § § | |
| | § | CIVIL ACTION NO. |
| v. | § § | 3:16-CV-3500-D |
| | § § | |
| PARK CITIES HEALTHCARE, LLC and SHARON D. WESTEN<br>  Defendants, | § § § | |

## PLAINTIFFS' SECOND APPLICATION FOR WRIT OF EXECUTION

TO THE HONORABLE UNITED STATES JUDGE:

COME NOW, Plaintiffs CHARLOTTE CARMACK, TERESA MILLER, and JOVAN ANIAGU (hereinafter collectively "Plaintiffs") and files this their Application for Writ of Execution and Motion for Seizure of Non-Exempt Assets against Defendant SHARON D. WESTEN (hereinafter "Defendant" or "WESTEN") and in support of the same would respectfully show the Court as follows:

### I.

### STATEMENT OF FACTS

1. On August 17, 2018, in this Court, a Judgment was entered on behalf of Plaintiffs against Defendants[1].

2. On October 5, 2019, in this Court, an Order was entered on behalf of Plaintiffs against Defendants for reasonable attorney's fees[2].

3. On October 23, 2018, an Abstract of Judgment was electronically recorded with Dallas

---

[1] Docket No. 50
[2] Docket No. 63

County.

4. On July 2, 2020, an Order was entered on behalf of Plaintiffs against Defendant SHARON D. WESTEN (hereinafter known as "WESTEN") for attorney's fees[3].

5. Property owned solely by Defendant WESTEN located in Dallas County at 410 San Jose St., Irving, Texas 75062-4610 (hereinafter known as "the Property"), is not being utilized as a Homestead.

6. The actual Homestead of Defendant WESTEN is located at 54 S. Holt Hill Road, Antrim, New Hampshire 03440 located in Hillsborough County.

7. Plaintiffs have previously filed an Application for Writ of Execution[4], which the Court denied on the basis that Plaintiffs had not met their burden to show that Defendant WESTEN had intended to permanently abandon the Property as her homestead. However, Plaintiffs have since obtained new evidence which further demonstrates that WESTEN has abandoned her homestead, and therefore, Plaintiffs are entitled to a writ of execution as to the non-exempt Property.

## II.

## APPLICATION FOR WRIT OF EXECUTION

8. Plaintiffs incorporate the Facts (section 1) as if fully stated herein verbatim.

9. FEDERAL RULE OF CIVIL PROCEDURE 69(a)(1) permits a Judgment Creditor to utilize a Writ of Execution to enforce a money judgment.

10. On August 17, 2018, Plaintiffs were awarded a money Judgment "against Defendants, jointly and severally, in the principal sum of $8,0572.25 for Plaintiff Carmack, $12,774.67 for Plaintiff Miller, and $11, 476.42 for Plaintiff Aniagu, for a total principal

---

[3] Docket No. 114
[4] Plaintiffs hereby incorporate by reference all arguments and evidence contained in their prior Application for Writ of Execution, and accompanying briefing on file with the Court. [Dkt. Nos. 123, 125, 129].

sum of $32, 323.34, liquidated damages in the sum of $8, 072.25 for Plaintiff Carmack, $12,774.67 for Miller, and $11, 476.42 for Aniagu,, for a total liquidated damages sum of $32, 323.34, and post-judgment interest theron at the rate of 2.44% per annum.[5]" The Judgment further awarded Plaintiffs' taxable costs of court against the Defendants.

11. On September 4, 2018, Plaintiffs were awarded $1,273.11 in courts from the Court.[6]

12. On October 5, 2018, Plaintiffs were awarded attorney's fees in the sum of $103,429.25.[7]

13. On July 2, 2020, Plaintiffs were awarded attorney's fees in the sum of $1,359.50.[8]

14. Accrued post-judgment interest at the rate of 2.44% per the judgment has been calculated at $9,035.11 through March 29, 2023 and continues to accrue at a rate of $11.99 per diem.

15. The current amount owed by Judgment Debtors PARK CITIES HEALTHCARE, LLC and SHARON D. WESTEN on the judgment is $179,954.12 which includes principal, liquidated damages, attorney's fees, interest, and costs of court.

16. Plaintiffs request that the Court issue a Writ of Execution against Defendants in the amount of $179,954.12. A true and correct copy of the Writ of Execution is attached hereto as Exhibit A and incorporated herein by reference.

## III.

## **SEIZURE - HOUSE**

17. Plaintiffs incorporate the Facts (paragraph 1) as if fully stated herein verbatim.

18. FEDERAL RULE OF CIVIL PROCEDURE 64(a) permits a Judgment Creditor to seize property to secure satisfaction of a judgment.

---

[5] Docket No. 50
[6] Docket No. 52
[7] Docket No. 63
[8] Docket No. 114

19. WESTEN has abandoned the property located at UNIVERSITY HILLS 2 BLK 4 LOT 18, more commonly known as 410 San Jose St., Irving, Texas 75062 in Dallas County (hereinafter known as "The Property").

20. On or about July 13, 2018, WESTEN has been a resident at 54 South Holt Hill Road.

21. WESTEN no longer lives at The Property. Instead WESTEN now lives at 54 South Holt Hill Road, Antrim, New Hampshire 03440,

```
14                DIRECT EXAMINATION
15   BY MR. COOK:
16   Q.   Ms. Westen, where do you live?
17   A.   I live at 64 South Polksville Road in Trim, New
18   Hampshire.
```
[9]

22. WESTEN has changed title of other known assets to her new home in New Hampshire. One such asset is her vehicle. WESTEN changed the title for her 2008 Mercedes Benz from a State of Texas Title to a State of New Hampshire Title with a post office box located near her New Hampshire residence. A true and correct copy of a Certificate of Title for the State of New Hampshire showing the previous title number and state as Texas is attached as Exhibit "B" and is incorporated herein by reference.

23. Additionally, WESTEN has gone on to obtain a New Hampshire driver's license and register her vehicle in New Hampshire. True and correct copies of WESTEN's New Hampshire driver's license and vehicle registration are attached hereto as Exhibits "C" and "D" respectively and are incorporated herein by reference.

24. WESTEN has also changed the mortgage mailing address to the same post office box located near her residence in New Hampshire. A true and correct copy of a September

---

[9] Page 6, lines 15-18, October 8, 2020 Hearing Transcript – Show Cause Hearing. Note that the correct street number and name is 54 South Holt Hill Road and will be referred to as such by the Plaintiffs.

2020 Mortgage Statement for The Property is attached as Exhibit "E" and is incorporated herein by reference.

25. In abandoning the property by moving to a different state, WESTEN is renting out the property.

> 22 Q. Now, when the Gagnons were originally renting property
> 23     from you they actually paid rent to you and your husband,
> 24     right?
> 25 A. Yes.[10]

While WESTEN originally rented out the property via a lease in 2018 to the Gagnon family from December 2018 through December 2019. A true and correct copy of the Affidavit of Andrea Gagnon is attached as Exhibit "F" and is incorporated herein by reference. After the expiration of the lease, WESTEN proposed a new lease to the Gagnon family instructing them to pay the mortgage company directly, thus removing WESTEN from the equation entirely sans actual ownership of The Property,

> 1 Q. Okay. And in regard to the home that you have in
> 2     Dallas, isn't it true that you attempted to get a lease
> 3     resigned at the expiration of the original lease with the
> 4     tenants in that room -- tenants in that home?
> 5 A. Yes.
> 6 Q. Did they refuse to execute a lease?
> 7 A. Yes, they did.[11]

---

[10] Page 13, lines 22-25, October 8, 2020 Hearing Transcript – Show Cause Hearing.
[11] Page 18, lines 1-7, October 8, 2020 Hearing Transcript – Show Cause Hearing.

```
 1  Q.  And then after the December 6th, 2019 order you directed
 2      them to start paying -- let me rephrase that.
 3          After the December 6th, 2019 order either you or your
 4      husband directed them to start paying the mortgage directly,
 5      right?
 6  A.  Well, yes.  I was not feeling as well and we thought it
 7      was smarter if anything should happen to me that they pay it
 8      directly, because then that way I wouldn't have to -- if I
 9      were in the hospital or something there wouldn't be any time
10      in between that could risk foreclosure on the house.
```
[12]

26. WESTEN continued this tactic of removing herself from the equation of The Property by again having tenants pay the mortgage company directly[13]. A true and correct copy of a May 5, 2021 lease between WESTEN and the Rogers family is attached as Exhibit "G" and is incorporated herein by reference.

27. WESTEN's prolific use of social media sheds further light on her abandonment of her Texas homestead. The Court is aware of WESTEN's previous comments regarding her move to New Hampshire where she does not have "Bible thumpers trying to control her life, and is indeed a permanent move so she no longer has to board her horses:



Sharon Diane Westen I have loved horses since I could walk/talk. They have always been there for me...even now, my husband, bless him, bought this farm so I could finally have my horses at home, because boarding them was stressing me so much.

4d

---

[12] Page 14, lines 1-10, October 8, 2020 Hearing Transcript – Show Cause Hearing.
[13] Page 2 of the Rogers lease, Exhibit G, indicates payment to the same mortgage company and account as indicated in Exhibit E.



See Exhibit H, Affidavit of Larry Gingold; see also Exhibit H-1, Facebook Posts.

28. Further, in September 2022, Defendant WESTEN posted a photo of her dog featuring a voter participation sticker which states "NH Votes," indicating that Defendant WESTEN is now a New Hampshire voter. See Exhibit I, Affidavit of Ethan Herrema; see also Exhibit I-1, Facebook Photos.

29. Finally, Defendant WESTEN and her husband have opened and currently use a joint bank

account at "Bank of New Hampshire" and have listed a New Hampshire post office box and the address associated with the account. A true and correct copy of WESTEN's Bank of New Hampshire bank statements is attached hereto as Exhibit "J" and incorporated herein by reference.

30. The evidence is clear that WESTEN has discontinued use of The Property in every way as she enjoys her new permanent home in New Hampshire.

## IV.

## ARGUMENTS AND AUTHORITIES

31. As the Court has previously noted, a homestead designation is considered *prima facie* evidence of homestead status. *In re Comu*, 542 B.R. 371, 385 n.76 (Bankr. N.D. Tex. 2015); *Wade v. First Nat'l Bank*, 263 S.W. 654, 656 (Tex. Civ. App. 1924, writ dism'd w.o.j.). Because WESTEN has likely established her initial burden showing that the Property was a homestead at one time. As such, the burden shifts to Plaintiffs to prove that WESTEN has abandoned the Property as her homestead.

32. Termination of a homestead can only occur through death, abandonment, or alienation. *Perry v. Dearing (In re Perry),* 345 F.3d 303, 310 (5th Cir. 2003). "Abandonment requires cessation or discontinuance of the use of the property coupled with intent to abandon permanently the homestead." *Id.* at 310 n.8. Proof of abandonment is a high bar—it generally requires evidence "undeniably clear and beyond almost the shadow, at least all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption." *Drake Interiors, L.L.C. v. Thomas*, 433 S.W.3d 841, 848 (Tex. App. 2014, pet. denied).

33. Abandonment is a question of fact on which courts consider a variety of factors. In their

prior Application for Writ of Execution, Plaintiffs pointed to *Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796 (Tex. App.—Austin 2004, pet. denied) (considering where defendant voted, registered his car, had a driver license, employment, and a joint bank account) and *Hinton v. Uvalde Paving Co.*, 77 S.W.2d 733 (Tex. Civ. App.—Dallas 1934, writ ref'd) (considering that original homestead was rented, defendant resided in second home, and whether there was evidence showing an intent to return to original homestead). Plaintiffs had attached evidence demonstrating that WESTEN moved to, and currently resides in, New Hampshire. WESTEN has changed her vehicle registration and mailing address for her mortgage bills to a New Hampshire address. WESTEN began leasing the Property to renters on December 15, 2018. At the expiration of the original lease, the renters refused to enter a new lease. WESTEN and the renters entered an agreement, however, where the renters would remain on the Property and pay WESTEN's mortgage payments and property taxes. When WESTEN found new teants, she had those renters enter into a lease that also paid WESTEN's mortgage payments and property taxes directly to the mortgage company. Finally, WESTEN made social media comments that were probative of an intent to abandon.

34. In denying Plaintiffs' Application for Writ of Execution, the Court importantly acknowledged that "the abandonment question is a close one." Dkt. 135, pg. 12. However, the Court distinguished *Kendall Builders* and *Hinton* from the instant case by correctly stating that there was "no evidence of a change of licenses, registering to vote, or opening a joint bank account in New Hampshire." Dkt. 135, pg. 10. **Plaintiffs now have evidence of all of these factors**. *See* Exhibits C, D, I and J. *Kendall Builders* is now almost exactly analogous to this matter, and that does not include the previous evidence

of abandonment that Plaintiffs had attached to their prior application for writ of execution.

35. The Court further categorized *Robinson v. McGuire*, 203 S.W. 415 (Tex. Civ. App.—Austin 1918, no writ) as "more similar" to the instant case, in which a claimant had only gone to Missouri for treat for a disease, and that the evidence did not necessarily suggest a permanent move. *Robinson*, 203 S.W. at 417. Notably, the *Robinson* court suggested that that if there was evidence that the claimant was made a citizen of Missouri or changed his domicile for good—facts consistent with a permanent move— "the verdict would have been in [the plaintiff's] favor." *Id.*

36. In this matter, there is now evidence that WESTEN was made a citizen of New Hampshire. Her New Hampshire driver's license and voting participation sticker make clear she is a New Hampshire resident/citizen. Indeed, proof of residency is required to obtain a driver's license.[14] Further, a New Hampshire voter must be "domiciled in the town or ward where the person seeks to vote."[15] New Hampshire's own voting guidelines cite *Felker v. Henderson*, 78 N.H. 509, 511 (1917), which states "[t]he fundamental idea of domicile is home."

37. Given that the Court previously acknowledged that "the abandonment question is a close one." [Dkt. 135, pg. 12], Plaintiffs' additional evidence demonstrating that 1) WESTEN has a New Hampshire driver's license and vehicle registration, 2) has a joint bank account with her husband at Bank of New Hampshire, and 3) just voted last year in New Hampshire, combined with Plaintiffs' previous evidence, is enough to demonstrate that WESTEN has abandoned the Property as her homestead. As such, the Property is not

---

[14] https://www.dmv.nh.gov/drivers-licensenon-driver-ids/apply-your-first-drivers-licensenon-driver-id
[15] https://www.sos.nh.gov/sites/g/files/ehbemt561/files/documents/Election%20Documents/registering-to-vote-in-new-hampshire.pdf

exempt, and this Court should issue Plaintiffs' requested Writ of Execution.

## V.

## **PRAYER**

For the foregoing reasons, Judgment Creditors respectfully requests that the Court grant Judgment Creditors' CHARLOTTE CARMACK, TERESA MILLER, and JOVAN ANIAGU Motion to Compel and enter an order:

38. Ordering that the US Marshals seize the property located at UNIVERSITY HILLS 2 BLK 4 LOT 18, more commonly known as 410 San Jose St., Irving, Texas 75062 in Dallas County.

39. Ordering that a Writ of Execution is issued against the Defendants is issuing in the amount of $179,954.12 as of March 29, 2023 with interest continuing to accrue at $11.99 per diem.

40. Plaintiffs be awarded costs of court and such other and further relief to which Plaintiffs show themselves to be justly entitled.

Respectfully Submitted,

COOK KEITH & DAVIS,
A PROFESSIONAL CORPORATION

/s/ Darrell W. Cook
DARRELL W. COOK
State Bar No. 00787279
dwcook@cookkeithdavis.com
Three Energy Square
6688 North Central Expressway, Suite 1000
Dallas, TX  75206
(214) 368-4686
(214) 593-5713 Telecopy

**ATTORNEY FOR PLAINTIFFS CHARLOTTE CARMACK, TERESA MILLER, AND JOVAN ANIAGU**

## **CERTIFICATE OF SERVICE**

This is to certify that on this the 30th day of March, 2023, I electronically filed the foregoing document with the United States District Court for the Northern District of Texas, using the court's electronic case filing system. The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept the Notice of Electronic Filing as service of this document by electronic means.

/s/ *Darrell W. Cook*
DARRELL W. COOK