IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLOTTE CARMACK, individually and on behalf of others similarly situated, § § § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:16-CV-3500-D |
| § | |
| PARK CITIES HEALTHCARE LLC, et al., § § § | |
| Defendants. § | |

**ORDER**

Plaintiffs-judgment creditors Charlotte Carmack, Teresa Miller, and Jovan Aniagu (collectively, "plaintiffs") apply a second time for a writ of execution pursuant to Fed. R. Civ. P. 69(a) and move for seizure of what they maintain is a non-exempt asset held by defendant-judgment debtor Sharon Westen ("Westen").

I

The clerk of court issued a writ of execution on April 3, 2023. Accordingly, to the extent plaintiffs seek issuance of this writ, their request is moot.

II

Plaintiffs also move for seizure of non-exempt assets against Westen. As they have in various post-judgment motions (thus far unsuccessfully), plaintiffs are attempting through this motion to establish that real property that Westen claims is her homestead has been abandoned as her homestead and is no longer exempt from execution. The determination that the real property is no longer Westen's homestead would, in turn, permit the appropriate law enforcement officer to enforce the writ of execution and levy on Westen's property to satisfy the judgment in this case. *See*

Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) (West 2019).

The relief that plaintiffs seek is akin to that sought in a turnover proceeding—a procedure that can be employed to address a judgment creditor's challenge to a judgment debtor's designation of property as her homestead and to aid law enforcement in executing a writ. *See* 9 William V. Dorsaneo III, *Texas Litigation Guide* §§ 132.05(1), 132.10(3)(c)(i) (2023). Accordingly, the court in its discretion will decide plaintiffs' motion for seizure as a motion for turnover relief under Texas law. And considering that the parties' briefing presents material fact questions, the court in its discretion will conduct an evidentiary hearing before ruling on the motion. It will set the hearing with sufficient advance notice so that the parties have a fair opportunity to attend, present relevant evidence, and be heard.

III

Accordingly, plaintiffs' March 30, 2023 motion for seizure of non-exempt assets against Westen (ECF No. 152), included in their second application for writ of execution, is set for an evidentiary hearing on Thursday, July 20, 2023 at 10:00 a.m. in courtroom 1351 in the United States Courthouse, 1100 Commerce Street, Dallas, Texas. If a party or other interested person with notice of this hearing fails to appear, the hearing will proceed despite the absence of that party or other interested person.

No later than July 13, 2023, a party or other interested person who wishes to present testimony or other evidence at the hearing must file witness and exhibit lists that identify the witnesses they expect to call and the exhibits they expect to introduce at the hearing. The witness and exhibit lists must comply with N.D. Tex. Civ. R. 26.2(b). No later than July 13, 2023, a party or other interested person who wishes to present testimony or other evidence at the hearing must also

file an estimate of the length of the hearing so that the court can decide whether to impose time limits on the presentation of the evidence.

**SO ORDERED**.

June 1, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE